17-2443-cv
*Staten v. City of New York*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12th day of March , two thousand eighteen.

PRESENT:    GUIDO CALABRESI,
            DENNY CHIN,
            SUSAN L. CARNEY,
                    *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

CLAUDE A. STATEN,
                    *Plaintiff-Appellant*,

            v.                                              17-2443-cv

CITY OF NEW YORK,
                    *Defendant-Appellee*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR PLAINTIFF-APPELLANT:        CLAUDE A. STATEN, *pro se*, Middletown, New York.

FOR DEFENDANT-APPELLEE:             JULIE STEINER, Assistant Corporation
                                    Counsel (Scott N. Schorr, Assistant
                                    Corporation Counsel, *on the brief*), *for* Zachary
                                    W. Carter, Corporation Counsel of the City of
                                    New York, New York, New York.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

*Pro se* plaintiff-appellant Claude A. Staten, a New York City police officer who identifies as black and Hispanic, sued defendant-appellee City of New York (the "City") raising, *inter alia*, race and age discrimination claims under Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et seq.*, and the Age Discrimination in Employment Act of 1967 (the "ADEA"), 29 U.S.C. § 621 *et seq.*  In a memorandum opinion and order filed July 10, 2017, the district court dismissed the complaint, on the City's motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, reasoning that certain of Staten's claims were barred by claim preclusion, others were time-barred, and others failed to plausibly allege a Title VII or ADEA violation.  Judgment was entered the same day.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

This is the third lawsuit filed by Staten against the City complaining of discrimination in the terms and conditions of his employment.  In his first lawsuit, filed

in 2012, Staten alleged disparate treatment because of the failure of the New York City Police Department ("NYPD") to promote him to sergeant. That case was dismissed on summary judgment. *Staten v. City of New York*, No. 12-cv-3544, 2014 U.S. Dist. LEXIS 109928 at *23 (S.D.N.Y. Aug. 7, 2014). In the second case, filed in 2014, Staten again alleged that the NYPD had unlawfully passed him over for promotion; he also claimed that he had been given unfavorable assignments and otherwise discriminated and retaliated against in his employment. The district court ruled that the claims pertaining to his lack of promotion were claim precluded because Staten could have raised them in his prior 2012 lawsuit against the City. *Staten v. City of New York*, No. 16-cv-5317, 2017 WL 2937698 at *4 (S.D.N.Y. Jul. 10, 2017) (citing *Staten v. City of New York*, No. 14-cv-4307, 2015 WL 4461688 (S.D.N.Y. Jul. 20, 2015)). It otherwise dismissed for failure to state a claim. *Staten*, 2015 WL 4461688 at *13-14. This Court affirmed. *Staten v. City of New York*, 653 F. App'x 78 (2d Cir. 2016). In the instant case, Staten again attempts to bring similar, if not identical, claims, alleging discriminatory and retaliatory treatment at the hands of the NYPD.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim, construing the complaint liberally, accepting all factual allegations in the complaint as true, and drawing all reasonable inferences in the plaintiff's favor. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002). The complaint must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp v.*

3

*Twombly*, 550 U.S. 544, 570 (2007), and "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Upon such review, we conclude that the district court properly dismissed Staten's claims. We therefore affirm for substantially the reasons stated by the district court in its thorough July 10, 2017 decision.

Staten's race and age discrimination and hostile work environment claims based on alleged objectionable work assignments in 2016 were not claim precluded by his prior lawsuits against the City because they alleged independent conduct that occurred after the judgments in those cases. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 499-500 (2d Cir. 2014). But Staten's allegations do not support a race discrimination claim because his assignments did not constitute adverse employment actions, *see Galabya v. N.Y.C. Bd. of Educ.*, 202 F.3d 636, 640-42 (2d Cir. 2000), nor do the allegations suggest that the assignments were part of a campaign of harassment based on his age or race, *see Feingold v. New York*, 366 F.3d 138, 150 (2d Cir. 2004).

Staten argues that his claims are not claim precluded or untimely because they are subject to the continuing violation doctrine. As an initial matter, the continuing violation doctrine applies only to time-barred claims, not those that are claim precluded. *See Patterson v. Cty. of Oneida*, 375 F.3d 206, 220 (2d Cir. 2004) (discussing continuing violation doctrine in relation to timeliness of claims). Under both the ADEA and Title VII, a plaintiff must file a complaint with the EEOC within 300

4

days of a discriminatory act.  42 U.S.C. § 2000e-5(e)(1) (Title VII); 29 U.S.C. § 626(d)(1)(B) (ADEA).  Claims outside this window are time-barred, except when the claims are part of a continuing violation; otherwise time-barred claims may proceed when separate acts "collectively constitute one unlawful employment practice."  *Washington v. Cty. of Rockland*, 373 F.3d 310, 318 (2d Cir. 2004) (citation omitted).  However, the doctrine does not apply to discrete acts of discrimination or retaliation, "such as termination, failure to promote, denial of transfer or refusal to hire," which Staten alleges here.  *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114 (2002).

Finally, Staten raises for the first time on appeal several new claims, which this Court need not consider.  *See Harrison v. Republic of Sudan*, 838 F.3d 86, 96 (2d Cir. 2016).

We have considered all of Staten's remaining arguments and find them to be without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

5